**WAJDA LAW GROUP, APC**
Nicholas M. Wajda (Cal. Bar No. 259178)
6167 Bristol Parkway
Suite 200
Culver City, California 90230
Telephone: 310-997-0471
Facsimile: 866-286-8433
E-Mail: nick@wajdalawgroup.com

*Attorneys for the Plaintiff*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEANETTE MENESES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>OPORTUN, INC.,<br><br>　　　　Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *ET SEQ*.**<br><br>**2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788 *ET SEQ*.**<br><br>**JURY TRIAL DEMANDED** |

NOW COMES, JEANETTE MENESES, through counsel, WAJDA LAW GROUP, APC, complaining of OPORTUN, INC., as follows:

## NATURE OF THE ACTION

1.　This action arises under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*. and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788 *et seq*.

## JURISDICTION AND VENUE

2.　This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3.　This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4.　Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

5. JEANETTE MENESES ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Lodi, California.

6. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

7. Plaintiff is a "debtor" as defined by Cal. Civ. Code § 1788.2(h).

8. OPORTUN, INC. ("Oportun") is a foreign corporation with its principal place of business located in San Carlos, California.

9. Oportun is a "person" as defined by 47 U.S.C. § 153(39).

10. Oportun is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

## FACTUAL ALLEGATIONS

11. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone numbers ending in 5067.

12. At all times relevant, Plaintiff's numbers ending in 5607 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

13. At all times relevant, Plaintiff was financially responsible for her cellular telephone equipment and services.

14. Plaintiff applied for and obtained an unsecured installment loan (the "Loan") from Oportun.

15. This Loan is a "debt" as defined by Cal. Civ. Code § 1788.2(d) as it relates to money which is due or owing or alleged to be due or owing from a natural person to another person.

16. This Loan is a "consumer debt" as defined by Cal. Civ. Code § 1788.2(f) as it relates to money due or owing from a natural person by reason of a consumer credit transaction.

17. As result of losing second source of income, Plaintiff defaulted on this Loan.

18. In July 2019, Plaintiff began receiving phone calls from Oportun seeking payment on this delinquent Loan.

19. Each time Plaintiff answered, Plaintiff was greeted by prerecorded messages providing: "*This is Oportun.  Please wait to be connected with your representative.*"

20. Each time, Plaintiff experienced clear pause prior to being connected to Oportun's representative.

21. On July 25, 2019, Plaintiff finally insisted that Oportun stop calling.

22. In spite of Plaintiff's request, Plaintiff continues to receive phone calls from Oportun seeking payment on this delinquent Loan.

23. In total, Oportun has placed or caused to be placed no less than 43 unconsented-to phone calls to Plaintiff's cellular telephone.

24. Oportun's unconsented-to phone calls resulted in aggravation that accompanies unsolicited phone calls, anxiety, diminished value and utility of telephone equipment and telephone subscription services, emotional distress, increased risk of personal injury resulting from the distraction caused by the phone calls, intrusion upon and occupation of Plaintiff's cellular telephone capacity, invasion of privacy, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services, and wasting Plaintiff's time.

## CLAIMS FOR RELIEF

### COUNT I:
**Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq*.)**

25. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

26. Oportun placed or caused to be placed no less than 43 non-emergency calls, including but not limited to the aforementioned collection calls, to Plaintiff's cellular telephone

utilizing an automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice without Plaintiff's consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

27. Upon information and belief, based on the prerecorded message Plaintiff received, Oportun employed an ATDS to place calls to Plaintiff's cellular telephone.

28. Upon information and belief, based on the "clear pause" Plaintiff experienced, Oportun employed an ATDS to place calls to Plaintiff's cellular telephone.

29. Upon information and belief, the ATDS employed by Oportun transfers the call to a live representative once a human voice is detected, hence the clear pause.

30. Upon information and belief, the ATDS employed by Oportun has the *capacity* – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.

31. Upon information and belief, Oportun acted through its agents, employees, and/or representatives at all times relevant.

32. As a result of Oportun's violations of 47 U.S.C. §227 (b)(1)(A)(iii). Plaintiff is entitled to receive $500.00 in damages for each violation.

33. As a result of Oportun's *knowing and willful violations* of 47 U.S.C. §227 (b)(1)(A)(iii), Plaintiff is entitled to receive up to $1,500.00 in treble damages for each violation.

WHEREFORE, Plaintiff requests the following relief:

A. a finding that Oportun violated 47 U.S.C. § 227 *et seq.*;

B. an award of statutory damages of at least $500.00 for each and every violation;

C. an award of treble damages of up to $1,500.00 for each and every violation; and

D. an award of such other relief as this Court deems just and proper.

## COUNT II:
### Rosenthal Fair Debt Collection Practices Act (Cal. Civ. Code § 1788 *et seq*.)

34. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation(s) of Cal. Civ. Code § 1788.11

35. California Civil Code § 1788.11 provides:

No debt collector shall collect or attempt to collect a consumer debt by means of the following practices:

(d) Causing a telephone to ring repeatedly or continuously to annoy the person called; or

(e) Communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute harassment to the debt under the circumstances.

Cal. Civ. Code §§ 1788.11(d) and (e).

36. Oportun violated Cal. Civ. Code §§ 1788.11(d) and (e) by calling Plaintiff's cellular telephone on no less than 43 occasions despite Plaintiff's July 25, 2019 request that they stop.

37. Plaintiff may enforce the provisions of Cal. Civ. Code §§ 1788.11(d) and (e) pursuant to Cal. Civ. Code § 1788.30 which provides:

(a) Any debt collector who violates this title with respect to any debtor shall be liable to that debtor only in an individual action, and his liability therein to that debtor shall be in an amount equal to the sum of any actual damages sustained by the debtor as a result of the violation;

(b) Any debt collector who willfully and knowingly violates this title with respect to any debtor shall, in addition to actual damages sustained by the debtor as a result of the violation, also be liable to the debtor only in an individual action, and his additional liability therein to that debtor shall be for a penalty in such amount as the court may allow, which shall not be less than one hundred dollars ($100.00) nor greater than one thousand dollars ($1,000.00).

(c) In the case of any action to enforce any liability under this title, the prevailing party shall be entitled to costs of the action. Reasonable attorney's fees,

which shall be based on time necessarily expended to enforce the liability, shall be awarded to a prevailing debtor.

WHEREFORE, Plaintiff requests the following relief:

A. a finding that Oportun violated Cal. Civ. Code §§ 1788.11(d) and (e);

B. an award of any actual damages sustained by Plaintiff as a result of Oportun's violation(s);

C. an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D. an award of costs of this action, together with a reasonable attorney's fee as determined by this Court; and

E. an award of such other relief as this Court deems just and proper.

### DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: August 21, 2019                                          Respectfully submitted,

**JEANETTE MENESES**

By: */s/ Nicholas M. Wajda*

Nicholas M. Wajda
**WAJDA LAW GROUP, APC**
6167 Bristol Parkway
Suite 200
Culver City, California 90230
Telephone: 310-997-0471
Facsimile: 866-286-8433
E-mail: nick@wajdalawgroup.com